Michael S. Davis
Anthony I. Giacobbe, Jr.
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

*Attorneys for Petitioner*
*American Home Assurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY,<br><br>                                        Petitioner,<br><br>                   - and -<br><br>CIRCLE L. ROOFING, INC.,<br><br>                                       Respondent. | Case No.:   08-cv-0874 (RJS)<br><br>**REPLY DECLARATION**<br>**IN SUPPORT OF**<br>**ORDER TO SHOW CAUSE** |

STATE OF NEW YORK,
COUNTY OF NEW YORK.

        ANTHONY I. GIACOBBE, JR., pursuant to 28 U.S.C. § 1746, declares:

        1.    I am an attorney admitted to practice before this Court and of counsel to Zeichner Ellman & Krause LLP, attorneys for Petitioner American Home Assurance Company, on behalf of itself and each of the related insurers that provided coverage to respondent ("American Home"). I make this Declaration in further support of American Home's application to compel Respondent to arbitrate the disputes asserted in the Complaint.[1]

---

[1] Defined terms herein have the same meaning as set forth in the Petition.

2. Submitted herewith at Exhibit H is a copy of a letter dated February 1, 2008 from the undersigned to Michael P. Brundage, Esq. of Jennis Bowen & Brundage, P.L., counsel for Respondent Circle L Roofing, Inc., naming John D. Cole as American Home's arbitrator.

3. Submitted herewith at Exhibit I is an Order dated February 11, 2008 from the United States District Court for the Middle District of Florida, Tampa Division: (1) staying the action Circle L commenced in Florida until this Court issues a decision on American Home's motion to compel arbitration, (2) denying plaintiffs' motion for preliminary injunction without prejudice to renew depending on the outcome of this proceeding, and (3) directing the Clerk to administratively close the case in Florida.

4. I declare under penalties of perjury that the foregoing is true and correct.

Dated:    February 11, 2008

_____
ANTHONY I. GIACOBBE, JR.

Exhibit H

ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

DIRECT DIAL
(212) 826-5348
agiacobbe@zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

February 1, 2008

**BY FACSIMILE**

Michael P. Brundage, Esq.
Jennis Bowen & Brundage, P.L.
400 North Ashley Drive
Suite 2540
Tampa, Florida 33602

**Facsimile No.: (813) 229-1707**

**American Home Assurance Company v.
Circle L. Roofing, Inc., Case No. 08-cv-0874**

Dear Mr. Brundage:

   Reference is made to the Petition (the "Petition") of American Home Assurance Company ("American Home") to compel arbitration in the referenced civil action. Pursuant to the agreements (the "Arbitration Agreements") annexed to the Petition, American Home hereby names John D. Cole of Wiley Rein LLP as its arbitrator for the arbitration demanded in the Petition.

   American Home hereby requests that Circle L Roofing, Inc. name its arbitrator within 30 days as required by the Arbitration Agreements.

   If you wish to proceed promptly with arbitration, we will request that Mr. Cole confer with Circle L's arbitrator as soon as possible to select an umpire. You will then be able to ask the Panel to expedite proceedings.

   Please be reminded that the Arbitration Agreements provide:

> . . . all arbitrators must be executive officers or former
> executive officers of property or casualty insurance or
> reinsurance companies or insurance brokerage companies,
> or risk management officials in an industry similar to

ZEICHNER ELLMAN & KRAUSE LLP

Michael P. Brundage, Esq.
February 1, 2008
Page 2

*Yours,* domiciled in the United States of America not under the control of either party to this Agreement.

Very truly yours,

    /s/ Anthony I. Giacobbe, Jr.
Anthony I. Giacobbe, Jr.

AIG:bs

cc:    Andrew W. Lennox, Esq.

518282.v1/10670-001/AIG

Exhibit I

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIRCLE L. ROOFING, INC.,

        Plaintiff,

v.                                               CASE NO: 8:07-cv-2378-T-26TBM

AMERICAN INTERNATIONAL GROUP,
INC. and AMERICAN HOME ASSURANCE
COMPANY,

        Defendants.
_____/

**O R D E R**

This cause comes before the Court on Plaintiff's Renewed Motion for Preliminary Mandatory Injunction and Incorporated Memorandum of Law (Dkt. 12), Defendants' Motion to Stay Judicial Proceedings Pursuant to Section 3 of the Federal Arbitration Act and Incorporated Memorandum of Law with exhibits (Dkt. 15), Defendants' Motion for Further Abatement of Action and Incorporated Memorandum of Law with exhibits (Dkt. 18), and Plaintiff's Response to Defendant's Motion to Stay and Motion for Further Abatement of Action and Incorporated Memorandum of Law with exhibit (Dkt. 21) and supporting Declaration and exhibits (Dkt. 21).

Plaintiff brings a four-count complaint against Defendants for breach of contract, declaratory relief, breach of implied covenant of good faith and fair dealing, and conversion arising from their alleged withholding of unearned premiums due to Plaintiff under a workers' compensation insurance policy and failure to return a cash security provided by Plaintiff to cover losses. Plaintiff argues that it terminated the subject policy according to its terms on or about July 1, 2007, and that it has made several demands for return of the premiums and security to no

avail. Plaintiff asserts that a significant downturn in business has put its operations at risk of being shut down due to a severe cash flow shortage, and that its problems could be remedied if Defendants refunded the monies owed. In its instant Motion, Plaintiff requests that the Court issue an injunction directing Defendants to refund the cash security to Plaintiff.

Defendants, in turn, argue that this action should be stayed pending a decision by the United States District Court for the Southern District of New York on a Motion to Compel Arbitration recently filed by Defendant American Home Assurance Company. On November 1, 2004, the parties executed a "Payment Agreement" regarding the subject insurance policy. (Dkt. 15, Ex. A.) The agreement contains a broad arbitration clause, which includes language that "[a]ny disputed items not resolved within 60 days after our response to your written particulars must immediately be submitted to arbitration ..." and "any other unresolved dispute arising out of this agreement must be submitted to arbitration." (See id. at p. 8.) The clause further provides that the arbitrators "will have exclusive jurisdiction over the entire matter in dispute, including any question as to its arbitrability." (See id. at 9.) The "2004 Addendum to the Payment Agreement" specifically provides that motions to compel or stay arbitration be brought in the City, County, and State of New York. (See id. at 2004 Addendum to Payment Agreement.) The parties' "2006 Payment Agreement" contains the identical arbitration clause and exclusive jurisdiction clause, and is supplemented by the same "2004 Addendum to Payment Agreement" with the forum clause. (See Dkt. 15, Ex. B.)

Defendants state that, on consent of the parties, the district court in New York scheduled a hearing on the Motion to Compel Arbitration for February 13, 2008, at 9:00 a.m., and that as a matter of judicial economy, the instant proceedings should be stayed and any further obligation

for Defendants to act in this matter should be abated. To the contrary, Plaintiff urges that this case should proceed and that injunctive relief should be granted because Defendants have waived their right to arbitrate. The right to arbitration can indeed be waived when a party has acted inconsistently with the right. See S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990). However, as a basis for Defendants' waiver, Plaintiff merely reasserts the allegations of the complaint against Defendants.

Plaintiff also urges that the Court has the authority to issue an injunction pending arbitration to ensure that the parties obtain a meaningful arbitration of their dispute. While this may be appropriate in certain cases, the Court is convinced that preservation of the *status quo* in this case would better protect the integrity of the arbitration process. Furthermore, and as Defendants point out, the Eleventh Circuit Court of Appeals has consistently followed the principle that "[a]ny doubts arising out of the construction of the contract language concerning the scope of arbitrable issues should be construed liberally to favor arbitration." Blue Gray Corps. I & II v. Merrill Lynch, Pierce, Fenner & Smith, 921 F.2d 267, 271 (11th Cir. 1991); see also Jenkins v. First American Cash Advance of Georgia, 400 F.3d 868, 874 (11th Cir. 2005) (recognizing the "liberal federal policy" favoring arbitration agreements).

**ACCORDINGLY, it is ORDERED AND ADJUDGED:**

1. Defendants' Motion for Further Abatement of Action (Dkt. 18) is granted. This case is stayed pending a decision by the United States District Court for the Southern District of New York on Defendant American Home Assurance Company's Motion to Compel Arbitration.

2. Plaintiffs' Renewed Motion for Preliminary Mandatory Injunction (Dkt. 12) and Defendants' Motion to Stay Judicial Proceedings Pursuant to Section 3 of the Federal Arbitration

Act (Dkt. 15) are denied without prejudice and may be refiled depending on the outcome of the New York proceedings.

3) The Clerk is directed to administratively close this case, during the pendency of the stay, subject to the right of either party to file a motion to reopen depending on the outcome of the New York proceedings.

**DONE AND ORDERED** at Tampa, Florida, on February 11, 2008.

s/Richard A. Lazzara<br>
**RICHARD A. LAZZARA**<br>
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record