Michael S. Davis
Anthony I. Giacobbe, Jr.
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

*Attorneys for Petitioner*
*American Home Assurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY,<br><br>        Petitioner,<br><br>- and -<br><br>CIRCLE L. ROOFING, INC.,<br><br>        Respondent. | Case No.:   08-cv-0874 (RJS) |

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF PETITION OF AMERICAN HOME ASSURANCE COMPANY
<u>TO COMPEL ARBITRATION</u>**

ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
Telephone: (212) 223-0400

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ...............................................................................................................2

    I.    AMERICAN HOME DID NOT WAIVE ITS RIGHT TO ARBITRATE ........................................................................................................2

        A.    THE ISSUE OF WAIVER IS FOR THE ARBITRATORS, NOT THIS COURT, TO DECIDE. ..........................................................................2

        B.    UNDER THE CONTRACTS OF THE PARTIES, THE RIGHT TO ARBITRATE WAS NOT WAIVED. .....................................................3

        C.    AS A MATTER OF LAW, NO WAIVER OCCURRED BECAUSE AMERICAN HOME SOUGHT ARBITRATION PROMPTLY AFTER THE COMMENCEMENT OF LITIGATION AND HAS NOT IN ANY WAY PARTICIPATED IN LITIGATION. ............................................4

    II.    THIS COURT SHOULD ORDER ARBITRATION OF ALL DISPUTES, INCLUDING CIRCLE L'S REQUEST FOR AN EXPEDITED DETERMINATION OF ITS RIGHT, IF ANY, TO RETURN OF PREMIUM AND/OR COLLATERAL ......................................................................6

        A.    ALL OF THE DISPUTES CONCERNING CLAIMS FOR PREMIUM OR SECURITY ARE SUBJECT TO ARBITRATION. ..................................6

        B.    THE ARBITRATION PANEL MAY GRANT INJUNCTIVE RELIEF INCLUDING THE RELIEF REQUESTED BY CIRCLE L. ........................7

        C.    THIS COURT SHOULD ENJOIN CIRCLE L FROM PROCEEDING IN FLORIDA. ...........................................................................................9

CONCLUSION ..........................................................................................................10

Michael S. Davis
Anthony I. Giacobbe, Jr.
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

*Attorneys for Petitioner*
*American Home Assurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY,<br><br>         Petitioner,<br><br>- and -<br><br>CIRCLE L. ROOFING, INC.,<br><br>         Respondent. | Case No.:   08-cv-0874 (RJS) |

**REPLY MEMORANDUM OF LAW IN SUPPORT**
**OF PETITION OF AMERICAN HOME ASSURANCE COMPANY**
**TO COMPEL ARBITRATION**

**PRELIMINARY STATEMENT**

    American Home Assurance Company ("American Home"), on behalf of itself and each of the related insurers that provided coverage to Respondent Circle L. Roofing, Inc. ("Respondent" or "Circle L"), submits this Reply Memorandum of Law in support of its petition to compel arbitration (the "Petition")[1] requiring Respondent to proceed with arbitration.

    There is no dispute that Circle L's claims for premium and security are subject to broad arbitration provisions in the agreements that expressly govern premium and security. Yet, rather than proceed to arbitration, Circle L asserts that the right to arbitrate has been waived,

---

[1] Defined terms herein have the same meaning as set forth in the Petition.

even though American Home moved promptly to stay the action Circle L commenced in Florida and to compel arbitration before this Court. Circle L's contention is wrong for at least three reasons. First, the issue of waiver is for the arbitrators, not the Court, to determine. Second, the parties agreed by contract that failure to enforce a right would not be a waiver. Third, American Home has taken no acts inconsistent with arbitration.

While acknowledging that its claims are subject to arbitration – an arbitration that is required to be conducted by arbitrators with specified insurance industry experience – Circle L nonetheless asks this Court to permit the United States District Court for the Middle District of Florida to issue a preliminary injunction concerning premium and security. After Circle L submitted its opposition in this Court, the United States District Court for the Middle District of Florida issued an Order denying Circle L's emergency motion for preliminary relief, without prejudice. This ends the matter. The arbitrators who will decide these disputes are qualified and authorized to issue injunctive relief concerning premium and security, and any application for such relief can be made to the arbitration Panel. Accordingly, this Court should enjoin Circle L from making a second application in Florida and order the parties to arbitrate.

## ARGUMENT

### I. AMERICAN HOME DID NOT WAIVE ITS RIGHT TO ARBITRATE

#### A. The Issue of Waiver is for the Arbitrators, Not this Court, to Decide.

The United States Court of Appeals for the Second Circuit has held that, as a general matter, waiver of the right to arbitration is a question for the arbitrators, not the court, to decide. Bell v. Cendant Corp., 293 F.3d 563 (2d Cir. 2002), quoting S & R Co. of Kingston v. Latona Trucking, Inc., 159 F.3d 80, 82-83 (2d Cir. 1998) ("Ordinarily a defense of waiver brought in opposition to a motion to compel arbitration . . . is a matter to be decided by the

arbitrator."). A court may decide the issue of waiver only if the party seeking to enforce its right to arbitration previously participated in court proceedings to litigate the dispute that would be at issue in the arbitration. See Prudential Lines v. Exxon Corp., 704 F.2d 59, 67 n.8 (2d Cir. 1983) (noting that the court has decided the issue of waiver where the "party had previously participated in court proceedings to litigate the same dispute"). Thus, in determining when a court should decide the issue of waiver, the Second Circuit has distinguished between cases where the waiver defense was based on prior litigation by the party seeking arbitration and cases where the defense was based on other actions.

Here, Circle L does not claim that American Home waived its right to arbitration by participating in prior litigation. Accordingly, the claim of waiver is for the arbitrators—not this Court—to decide. For this reason, this Court should order the parties to arbitration forthwith. See, e.g., Raytheon v. National Union, 306 F.Supp.2d 346, 359 (S.D.N.Y. 2004) ("Because it does not appear that National Union previously participated in court proceedings to litigate the issues raised here by Raytheon, the question of whether National Union waived its right to arbitrate must be decided by the arbitrators.").

**B.    Under the Contracts of the Parties, the Right to Arbitrate Was Not Waived.**

To the extent this Court considers Circle L's asserted waiver defense, it should nonetheless compel arbitration because, as a matter of contract law, Circle L's claim of waiver is precluded. The 2004 Payment Agreement[2] provides:

> Past forbearance, neglect or failure to enforce any or all provisions of this Agreement, or to give notice of insistence upon strict compliance with it, **will not be a waiver of any rights**. A waiver of rights in a past circumstance will not be a course of conduct that waives any rights in any subsequent circumstance.

---

[2]  The 2006 Payment Agreement contains an identical provision.

3

2004 Payment Agreement, p. 9 of 10, B 009 (emphasis added). Thus, by the express terms of the 2004 Payment Agreement, no prior action or inaction on the part of American Home can constitute a waiver of its right to arbitrate any disputes.

### C.   As A Matter of Law, No Waiver Occurred Because American Home Sought Arbitration Promptly After the Commencement of Litigation and Has Not In Any Way Participated In Litigation.

Even if this Court determines that the issue of waiver is not for the arbitrators to decide, and is not resolved by the express contractual language precluding a claim of waiver, it still is clear that no waiver occurred. Under federal law, a party asserting a waiver of a right to arbitration must show acts inconsistent with arbitration and prejudice to the party opposing arbitration resulting from such inconsistent acts. See Century Indemnity Co. v. Clearwater Insurance Co., 2006 U.S. Dist. LEXIS 96215, at *10-11 (S.D.N.Y. Sept. 25, 2006), quoting Dewey & Assocs., Inc. v. S.S. Sea Star, 461 F.2d 1009, 1018 (2d Cir. 1972) ("Merely answering on the merits, asserting a counterclaim or cross claim or participating in discovery, without more, will not necessarily constitute a waiver."). It is only by "**engag[ing] in protracted litigation** that prejudices the opposing party" that a party waives its right to arbitration. Id., quoting In re Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir. 2000) (emphasis added).

In addressing allegations of waiver, the Second Circuit has identified three factors to be considered: (1) the time elapsed from the commencement of litigation to the request for arbitration, (2) the amount of litigation (including any substantive motions and discovery), and (3) proof of prejudice. In re: Crysen/Montenay Energy Co. v. Shell Oil Co., 226 F.3d 160 (2d Cir. 2000). Applying these three factors to the present case, it is clear that American Home has not waived its right to arbitration.

Contrary to Circle L's contention that this Court should look to the time elapsed from when the parties first disagreed, the first factor to be considered when determining whether

4

waiver occurred is "the time elapsed **from the commencement of litigation** to the request for arbitration." Century Indemnity Co. v. Clearwater Insurance Co., 2006 U.S. Dist. LEXIS 96215, at *10 (S.D.N.Y. Sept. 25, 2006), quoting Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc., 252 F.3d 218, 229 (2d Cir. 2001) (emphasis added). After being served with the complaint, American Home moved, within two weeks after service of the complaint and prior to its date to respond to the complaint, to stay the action in Florida and to compel arbitration in New York. Because American Home acted promptly after litigation was commenced, there is no waiver. Century Indemnity Co., 2006 U.S. Dist LEXIS 96215 (finding no waiver after three months passed from the commencement of litigation).

Moreover, to waive its right to arbitrate, a party must act in a manner inconsistent with arbitration after the commencement of litigation. See Dewey & Assocs., Inc., 461 F.2d at 1018. Circle L's contention that American Home somehow waived its right by not seeking arbitration prior to litigation is contrary to law. In support of its waiver argument, Circle L relies only on a series of unspecified communications and one letter sent to a regulatory agency before litigation began. There is no basis in law for a finding of waiver based upon such actions.

In addition, Circle L commenced litigation, setting forth a dispute subject to arbitration. American Home disputes, and will defend in arbitration, Circle L's contentions regarding alleged return premium and alleged return collateral. Each of the defenses American Home will assert arises directly out of the language of the respective Payment Agreements. Here, since the commencement of litigation, American Home has only engaged in acts consistent with arbitration. Accordingly, there has been no waiver.

The second factor to be considered is the amount of litigation that has occurred, including substantive motion practice and discovery. Here, American Home has not participated

in any litigation, except to compel arbitration. American Home did not answer the complaint, did not participate in discovery, and did not participate in motion practice -- including responding to Circle L's emergency motion for preliminary injunction -- except to move to stay the Florida action and compel arbitration. Accordingly, American Home has not engaged in any acts inconsistent with arbitration. There is, therefore, no waiver. Century Indemnity Co., 2006 U.S. Dist. LEXIS 96215, at *21 ("no substantive motions have been noticed, let alone briefed or decided. Century is not seeking to invoke arbitration in the face of adverse rulings; there have been none.").

Finally, Circle L has not shown prejudice resulting from acts inconsistent with arbitration because American Home has not engaged in any acts inconsistent with arbitration since Circle L commenced litigation. Century Indemnity Co., 2006 U.S. Dist. LEXIS 96215, at * 16 ("This is not the type of prejudice that supports a finding of waiver as Clearwater seeks only to enforce its bargained-for agreement to arbitrate"). The totality of the circumstances shows that American Home sought arbitration promptly after the commencement of litigation. Accordingly, no waiver occurred, and this Court should direct the parties to arbitrate.

II.   **THIS COURT SHOULD ORDER ARBITRATION OF ALL DISPUTES, INCLUDING CIRCLE L'S REQUEST FOR AN EXPEDITED DETERMINATION OF ITS RIGHT, IF ANY, TO RETURN OF PREMIUM AND/OR COLLATERAL**

   A.   **All of the Disputes Concerning Claims for Premium or Security are Subject to Arbitration.**

It is undisputed that Circle L's claims for premium and security are subject to arbitration. Yet, Circle L contends that the U.S. District Court for the Middle District of Florida should issue an emergency order. There is no basis for such relief. Indeed, that court issued an order on February 11, 2008, denying without prejudice Circle L's Renewed Motion for

Preliminary Mandatory Injunction pending the outcome of this Court's proceedings. See Exhibit I to the Reply Declaration of Anthony I. Giacobbe, Jr. (the "Giacobbe Declaration").

The parties agreed by contract that arbitrators with insurance industry experience would determine these issues. These arbitrators are empowered to issue injunctive relief, including the directing of prompt return of premium and collateral if appropriate under the agreement. In addition, arbitration can commence promptly and a preliminary hearing can be held to address any emergency matters. Accordingly, this Court should order arbitration.

B. **The Arbitration Panel May Grant Injunctive Relief Including the Relief Requested by Circle L.**

It is undisputed that the arbitrators have jurisdiction over all matters pertaining to premium and collateral, including the ability to order immediate relief to either party. In fact, the 2004 Payment Agreement expressly provides that the arbitrators may issue an order directing payment of collateral.[3] Either party may apply for and obtain interim or emergency relief under the 2004 Payment Agreement, if such relief is determined to be appropriate by the Panel.

Circle L has failed to take advantage of the opportunity to expedite arbitration. Pursuant to the arbitration agreement, by letter dated February 1, 2008, American Home designated its arbitrator and requested that Circle L name its arbitrator within 30 days. A copy of the letter is annexed as Exhibit H to the Giacobbe Declaration. In addition, American Home stated in the letter that it would request that its arbitrator confer on an expedited basis with Circle L's arbitrator to select an umpire. To date, Circle L has declined to name its arbitrator.

Circle L asserts that the benefit of its bargain has been lost, but if a court were to grant interim relief, it is American Home that would lose the benefit of its bargain. The 2004 Payment Agreement includes specific qualifications for the arbitrators requiring significant

---

[3] The 2006 Payment Agreement contains a substantially similar provision.

7

insurance industry experience. This bargained-for experience is a key component of the arbitration agreement, and this Court should enforce the agreement by directing the parties to proceed to arbitration.

Moreover, the cases cited by Circle L are wholly inapposite, and merely establish that a court may issue an order preserving the status quo pending arbitration. Here, it is American Home, which holds security for the obligations of Circle L under express contractual provisions, and is entitled to have the status quo preserved pending arbitration. The U.S. District Court for the Middle District of Florida agreed. See Exhibit I to the Giacobbe Declaration ("[T]he Court is convinced that the preservation of the *status quo* in this case would better protect the integrity of the arbitration process."). It would be contrary to the terms of this agreement for American Home to be required to return part of the security to an entity that by its own admission is in dire financial straits.[4] The security was agreed by contract to be held by American Home in order to protect it from this very risk. Because the arbitration agreement requires that the arbitrators have particular insurance industry experience, this Court should direct Circle L to arbitrate and permit the parties to be heard before qualified arbitrators prior to any order being issued.

C.  **This Court Should Enjoin Circle L from Proceeding in Florida.**

Federal Courts are empowered to stay competing or duplicative actions concerning the same arbitration. See Matter of Arbitration Between Network Cinema Corp. v. Glassburn, 357 F. Supp. 169, 172 (S.D.N.Y. March 21, 1973) ("[A]lthough the federal arbitration statutes do not explicitly grant to United States District Courts the authority to stay state court proceedings, this court has held that a stay of state court proceedings is authorized by

---

[4] See Declaration of Steward Wagner dated February 6, 2008, ¶ 14.

28 U.S.C. § 2283 when the dispute in question has been found by the federal court to be subject to the arbitration provision of 9 U.S.C. § 2."); Hunt v. Mobil Oil Corporation, 557 F. Supp. 368, 371-72 (S.D.N.Y. February 15, 1983) (holding that Anti-Injunction Act permits federal courts to enjoin state court action pending arbitration).

Courts have recognized that this outcome is important for the FAA to be effective. See, e.g., Blount Brothers Corp. v. M.K. Steel, Inc., 524 F. Supp. 1037, 1039 (N.D. Ala. 1981) ("This court's order compelling arbitration will be nullified and the benefits the United States Arbitration Act was intended to bestow (relief of congestion of the courts and speedy disposition of disputes without the expense and delay of court proceedings) will be lost unless this court stays the state court proceeding."); Hunt, 557 F. Supp. at 372 ("...it is abundantly clear that this [arbitration] case comes within the exception and that the Court is empowered to enjoin the Hunts' state court proceeding as necessary to effectuate the judgment entered in this action").

Because Circle L may, pursuant to the Order of the Florida Court, re-file its Renewed Motion for Preliminary Mandatory Injunction, this Court should enjoin Circle L from re-filing its motion and proceeding in that Court. Such a ruling is entirely consistent with the purpose and intent of the FAA and is necessary to enforce the FAA in this case. It is also entirely consistent with the Order of the Florida court which has directed the Clerk to close the case administratively. Plainly, the policies of enforcing the FAA, on the one hand, and avoiding duplicate litigation on the other, would be furthered by an injunction against further court action.

## CONCLUSION

American Home respectfully requests that this Court order (i) Circle L to proceed to arbitrate all of the disputes asserted in its complaint, and (ii) enjoin Circle L from prosecuting the action in the United States District Court for the Middle District of Florida.

Dated:   New York, New York
         February 11, 2008

                                    ZEICHNER ELLMAN & KRAUSE LLP

                            By:     _____
                                    Michael S. Davis
                                    Anthony I. Giacobbe, Jr.
                                     Attorneys for Petitioner
                                    575 Lexington Avenue
                                    New York, New York 10022
                                    (212) 223-0400