UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN HOME ASSURANCE COMPANY,

                       Petitioner,

  -v-

CIRCLE L. ROOFING, INC.,

                       Respondent.

No. 08 Civ. 874 (RJS)

MEMORANDUM AND ORDER

---

RICHARD J. SULLIVAN, District Judge:

       Petitioner American Home Assurance Company ("AHAC") moves for an order (1) compelling the parties in this action to submit their disputes to arbitration, and (2) staying the action pending before the Honorable Richard A. Lazzara, District Judge, United States District Court for the Middle District of Florida (the "Florida Action"), or otherwise enjoining Respondent Circle L. Roofing, Inc. ("Circle L") from making any further applications for relief in that action. Circle L no longer contests that a motion to compel arbitration is appropriate; however, Circle L requests that the Court order the dispute to arbitration without enjoining the parties from making further applications for pre-arbitration relief in this Court and/or before Judge Lazzara. For the following reasons, AHAC's motion to compel arbitration is GRANTED. AHAC's motion to stay the Florida Action or otherwise enjoin Circle L from pursuing further relief in the Middle District of Florida is DENIED. Finally, the parties may submit supplemental briefing on the limited issue of pre-arbitration relief, subject to the limitations and expedited schedule contained in this Order.

I.  BACKGROUND

On December 31, 2007, Circle L filed an action[1] and subsequently moved for a preliminary injunction[2] against AHAC in the Middle District of Florida, Tampa Division (the Florida Action), seeking declaratory and other relief arising out of a 2004 agreement (the "Payment Agreement") between the two parties.  (*See* Declaration of Anthony I. Giacobbe, Jr. ("Giacobbe Decl.") ¶ 3(D), Ex. D.)  The Payment Agreement contains a broad arbitration clause providing that, *inter alia*, all disputes arising out of the Payment Agreement must be submitted to arbitration, and that any action seeking to compel arbitration must be brought only in "a court of competent jurisdiction in the City, County, and State of New York."  (*Id.* ¶ 3(A), Ex. A at A008-009, A013.)  As such, on January 23, 2008, AHAC moved in the Florida court to stay the Florida Action pending a decision on a motion to compel arbitration in this Court.  (*Id.* ¶ 7; *See* Motion to Stay Judicial Proceedings Pursuant To Section 3 of The Federal Arbitration Act (Document # 15), *Circle L Roofing*, No. 07 Civ. 2378 (RAL) (TBM) (M.D. Fla. January 23, 2008).)  Judge Lazzara issued an order directing Circle L to respond to AHAC's motion to stay the proceedings by February 7, 2008.

On January 24, 2008, one day after filing the motion to stay the Florida Action, AHAC filed a petition in this Court to compel arbitration pursuant to the terms of the Payment Agreement (the "Petition").  The next day, the Court held a telephone conference with the parties and issued the Order to Show Cause, which directed Circle L to show cause "why this Court should not issue an Order (a) directing [Circle L] to submit all disputes asserted in the Florida

---

[1] That action is captioned as *Circle L. Roofing, Inc. v. American International Group, Inc. and American Home Assurance Company* ("*Circle L Roofing*"), No. 07 Civ. 2378 (RAL) (TBM) (M.D. Fla. December 31, 2007).

[2] *See* Motion for Preliminary Injunction and Incorporated Memorandum of Law (Document # 7), *Circle L Roofing*, No. 07 Civ. 2378 (RAL) (TBM) (M.D. Fla. January 18, 2008).

action, including the motion for a preliminary injunction, to arbitration without delay; and (b) directing that [Circle L] may not prosecute the Florida action and that it be stayed until such arbitration is completed." (January 25, 2008 Order to Show Cause.) In that order, the Court set a briefing schedule on the Petition and set a return date of February 13, 2008 for a hearing.

On February 11, 2008, before the completion of briefing on the Order to Show Cause, Judge Lazzara issued an order (1) granting AHAC's request for a stay of the Florida Action; (2) denying Circle L's motions without prejudice pending the outcome of the action before this Court; and (3) administratively closing the Florida Action, subject to the right of either party to file a motion to reopen the case pending the outcome of the instant case. (*See* Order (Dkt # 22), *Circle L Roofing*, No. 07 Civ. 2378 (RAL) (TBM) (M.D. Fla. February 11, 2008).)

At the conference held before the Court on February 13, 2008, counsel for Circle L indicated that, notwithstanding the arguments asserted in its opposition papers, Circle L was no longer contesting AHAC's request for an order to compel arbitration, "except to the extent that we want to have the ability to present injunctive relief as a prearbitration matter." (*See* Transcript of February 13, 2008 conference ("Tr.") at 11.)

## II.  DISCUSSION

### A.  The Motion to Compel Arbitration

Federal policy strongly favors arbitration as an alternative means of dispute resolution. *Hartford Acc. and Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001). A court must resolve two questions in order to determine if a suit is arbitrable: "(1) whether there exists a valid agreement to arbitrate at all under the contract in question . . . and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement." *Hartford*, 246 F.3d at 226 (quoting *National Union Fire Ins. Co. v. Belco*

3

*Petroleum Corp.,* 88 F.3d 129, 135 (2d Cir. 1996)). "[W]here, as here, the existence of an arbitration agreement is undisputed, doubts as to whether a claim falls within the scope of that agreement should be resolved in favor of arbitrability." *Id.*

It is undisputed that the Payment Agreement contains a broad arbitration clause which states that "any [] unresolved dispute arising out of this Agreement must be submitted to arbitration." (Giacobbe Decl. ¶ 3(A), Ex. A at A008-009.) As noted above, Circle L appears to no longer dispute that this Court has the authority to enforce that clause and compel arbitration. (*See* Tr. at 11.) Notwithstanding this concession, Circle L's arguments pertaining to waiver, to the extent they are not moot, are without merit. Waiver of the right to arbitration "is not to be lightly inferred" and can be found only where there is prejudice to the party asserting waiver. *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 104-05 (2d Cir. 2002). Here, there is no basis for a finding that AHAC waived its rights to assert claims; to the contrary, the claims asserted in this matter are those of Circle L, and, as discussed at the February 13 conference, any delay in subjecting these claims to arbitration rests with Circle L alone.

Accordingly, AHAC's motion to compel arbitration is granted. The parties are directed to immediately submit all disputes contained in the Florida Action and this action to arbitration.

B. The Motion to Stay or Enjoin Further Proceedings in Florida

The only remaining question before the Court is whether this Court has the ability to stay the Florida Action, and/or enjoin the parties from pursuing any further relief in the Middle District of Florida.

Section 3 of the Federal Arbitration Agreement ("FAA"), 9 U.S.C. § 1 *et seq.*, authorizes a court to stay an action that has been referred to arbitration. Specifically, the statute provides:

> [I]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, *the court in which such suit is pending*, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).  Additionally, "[w]here all of the issues raised in the complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings." *Rubin v. Sona Int'l Corp.*, 457 F. Supp. 2d 191, 198 (S.D.N.Y. 2006) (citing *Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir.1992)); *cf. Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, 92-93 (2d Cir. 2002) (discussing the appealability of an order granting a stay pending arbitration versus an order dismissing the case).

The plain language of the FAA states that the authority to grant a stay of an action pending arbitration rests with the Court in which the suit is pending.  Thus, while this Court may, in conjunction with an order compelling arbitration, stay or dismiss matters pending before *this* Court, the power to stay any further litigation in the Florida Action, if any, or to deny a motion to reopen the case in Florida, appears to remain with Judge Lazzara.  *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Champps Entm't, Inc.*, No. 04 Civ. 6163 (NRB), 2004 WL 2884304, at *4 (S.D.N.Y. December 13, 2004) (citing *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997)); 9 U.S.C. § 3.  The cases cited by AHAC are inapposite given that they discuss the ability of a federal court to enjoin *state* court proceedings, not proceedings in another federal court.  (*See* Pl.'s Mem. at 8-9.)  In any event, since the Florida Action has now been

5

administratively closed, it appears that AHAC's request that this Court stay the Florida Action has been rendered moot.

Accordingly, AHAC's motion to enjoin the parties from further litigation in Florida is denied.

### C. Circle L's Request for Pre-Arbitration Relief

Circle L argued at the conference on February 13, 2008 that it is entitled to pre-arbitration relief "to protect the integrity of the applicable dispute resolution process" given the tenuous financial position of Circle L. (*See* Def.'s Opp. at 9.) That motion has not been made nor fully briefed, and is not technically before the Court at this time. However, given the irreparable harm Circle L alleges it will suffer absent immediate pre-arbitration relief, the Court has no objection to the parties further briefing this limited point: whether this Court can or should order pre-arbitration relief pending submission of this case to arbitration. In the event Circle L chooses to make such a motion, Circle L's supplemental brief addressing this question shall be filed no later than February 25, 2008, and shall recount, in detail, the facts and circumstances giving rise to the assertion that Circle L is likely to suffer irreparable harm absent pre-arbitration relief. AHAC's brief in opposition shall be filed no later than March 7, 2008. Neither brief shall exceed 10 pages in length. However, the Court's decision to reserve judgment on this issue until the motion is fully briefed shall in no way be interpreted to preclude the immediate commencement of arbitration proceedings. Indeed, in the event that an arbitration panel is likely or able to reach this question faster than the schedule contemplated by this Order, the parties shall immediately notify the Court.

### III. CONCLUSION

For the foregoing reasons, AHAC's motion to compel arbitration is granted. The parties are directed to submit the disputes to arbitration according to the provisions of the Payment Agreement. Nothing in this Order should be interpreted to postpone the immediate commencement of arbitration proceedings. The motion to stay the Florida Action or otherwise enjoin the parties from further litigation in Florida is denied.

SO ORDERED.

Dated:    February 15, 2008
          New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE